UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DANIEL KEMMET, JR.,**

  **Plaintiff,**

v.              **Case No. 6:20-cv-489-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

  **Defendant.**

## MEMORANDUM OF DECISION

Daniel Kemmet, Jr. (the "Claimant"), appeals a final decision of the Commissioner of Social Security (the "Commissioner"), denying his claim for Social Security Disability Benefits. Doc. Nos. 1, 18. Claimant alleges an amended disability onset date of June 24, 2015. R. 15. Claimant argues that the Administrative Law Judge (the "ALJ") erred in: 1) assigning limited weight to a treating physician's opinions; and 2) assessing Claimant's subjective complaints of pain. Doc. No. 18 at 13, 22. Upon consideration of the parties' arguments and the record, the final decision of the Commissioner is **AFFIRMED.**

### I. STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla–i.e., the evidence must do more than merely create a suspicion of the

existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II. ANALYSIS.

The ALJ found that Claimant had the following severe impairments: mild respiratory ventilatory defect; chronic obstructive pulmonary disease ("COPD"); asthma; obesity; degenerative disc disease of the lumbar spine with spondylosis and disc herniation; obstructive sleep apnea; a deviated nasal septum; hypertrophy of nasal turbinates; primary hyperparathyroidism with associated

kidney injury, leukocytosis, and hypertension; non-ST elevated myocardial infarction; and hypertension. R. 18. The ALJ found that despite these impairments Claimant could perform less than the full range of sedentary work with the following restrictions: lift or carry ten pounds occasionally; lift or carry less than ten pounds frequently; stand and/or walk two hours in an eight hour day; sit for six hours in an eight hour day; occasionally climb ramps or stairs but never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch or crawl; avoid concentrated exposure to extreme heat or cold and all exposure to fumes, odors, dust, gases, or poor ventilation; avoid exposure to hazards such as machinery or heights. R. 20.

A. Dr. Harris's Functional Capacity Opinions

In making her decision, the ALJ considered two opinions of Dr. Maury Harris, one of Claimant's treating physicians, and gave them limited weight due to their restrictive nature. R. 29. Claimant argues that the ALJ's stated reasons for giving Dr. Harris's opinions limited weight are not supported by substantial evidence. Doc. No. 18 at 13.

On November 20, 2016, Dr. Harris completed a functional capacity questionnaire regarding Claimant's lumbar disc herniation. R. 599. First, Dr. Harris opined Claimant was unable to work. *Id.* Dr. Harris then indicated Claimant would be subject to frequent absenteeism and lateness, would need the

ability to shift to standing or sitting at will, would need an assisted walking device or brace, could not lift or carry greater than ten pounds, could not sweep, vacuum, or mow the lawn, and was limited to driving 15-20 minutes at a time. *Id.* On April 4, 2017, Dr. Harris completed a residual functional capacity assessment related to Claimant's lumbar disc herniation. R. 831-38. Dr. Harris opined that Claimant could lift or carry ten pounds occasionally and less than ten pounds frequently, stand/walk less than two hours per day, sit less than six hours per day, must be able to periodically alternate standing and sitting, Claimant could stand no more than ten minutes at a time, and sit no more than 10-15 minutes at a time, Claimant had a limited ability to push and pull in his lower extremities, could occasionally climb ramps/stairs and balance, but never stoop, kneel, crouch, crawl, or climb ladders, ropes or scaffolds, Claimant should avoid all exposure to extreme cold and hazards such as machinery or heights, and avoid concentrated exposure to wetness, vibrations, fumes, odors, dusts, gases and poor ventilation. R. 832-35.

The ALJ found Dr. Harris's opinions were not consistent with certain observable clinical findings she noted earlier in her opinion, and his opinions were not consistent Claimant's reported daily activities. R. 29. With respect to observable clinical findings, the ALJ noted that:

> While treatment records document persistent obesity and lumbar MRIs indicate rather significant findings, the

> claimant has consistently demonstrated a normal gait with no edema and intact sensation and has more often than not displayed intact strength (Exhibits 7F/3; 12F/19-20, 23-24; 16F/1-8; 17F/15-17; 23F/4-7). Further, the claimant has repeatedly denied back pain, weakness, and balance issues at non-orthopedic examinations and admitted walking three miles daily to lose weight on September 27, 2018 (Exhibits 7F/15-17; 12F/19-20; 15F/3; 18F/3; 20F/2, 6; 23F/6-7; 26F/1; 27F/1-2). Moreover, the claimant has not undergone injection therapy, pain management treatment, prolonged physical therapy, or surgery for his back.

R. 28. The ALJ also relied on Claimant's testimony that he was able to occasionally mow the lawn and remove leaves from his pool. R. 29.

In *Winschel v. Commissioner of Social Security*, the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. 631 F.3d 1176, 1178-79 (11th Cir. 2011) (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). The opinions of examining physicians are generally given more weight than non-examining physicians, treating more than non-treating, and specialists more than non-specialists. 20 C.F.R. § 404.1527(c). A treating physician's opinion is still entitled to significant weight even if he did not treat the claimant until after the relevant

adjudicatory period. *Boyd v. Heckler*, 704 F.2d 1207, 1211 (11th Cir. 1983).

Absent good cause, the opinion of a treating physician must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). Good cause exists to give a treating physician's opinion less than substantial weight when the opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's medical records. *Johnson v. Barnhart*, 138 F. App'x 266, 270 (11th Cir. 2005) (quoting *Phillips*, 357 F.3d at 1240-41).[1] A failure to specifically articulate evidence contrary to a treating doctor's opinion requires remand. *Poplardo v. Astrue*, No. 3:06-cv-1101-J-MCR, 2008 WL 68593 at *11 (M.D. Fla. Jan. 4, 2008); *Paltan v. Comm'r of Soc. Sec.*, No. 6:07-cv-932-Orl-19DAB, 2008 WL 1848342 at *5 (M.D. Fla. Apr. 22, 2008) ("The ALJ's failure to explain how [the treating doctor's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required.").

Claimant does not directly challenge the objective and subjective evidence the ALJ relies upon for her findings, but rather maintains they do not constitute substantial evidence and relies upon other evidence in the record which he maintains supports Dr. Harris's opinions. *Id.* at 15-16. With respect to his daily

---

[1] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

activities, Claimant acknowledges that he was walking three miles daily for exercise, but argues that he "apparently was unable to persist with this activity on a long-term basis" because Claimant testified at his hearing that he could only walk one or two blocks due to his back pain and right leg pain. R. 54-55.

Claimant is essentially asking this Court to reweigh the record evidence, which is something the Court cannot do. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The Court finds that there was substantial evidence to support the ALJ's decision to afford Dr. Harris's opinions limited weight. The ALJ relied on Claimant's treatment records and objective medical findings. The ALJ also relied on Claimant's self-reported ability to walk three miles per day in August/September 2018 and his other activities of daily living that did not entirely support Dr. Harris's more restrictive opinions. Thus, there was substantial evidence to support the ALJ's decision to give Dr. Harris's opinions limited weight and the Court finds no reason to disturb that decision on review. *See D'Andrea v. Comm'r of Soc. Sec.*, 389 F. App'x 944, 948 (11th Cir. 2010) (per curiam) (rejecting argument that ALJ failed to accord proper weight to treating physician's opinion "because the ALJ articulated at least one specific reason for disregarding the opinion and the record supports it.").

  B.  Evaluating Claimant's Pain

Claimant argues that while the ALJ articulated several reasons for

discounting his testimony with respect to intensity, persistence, and limiting effects of his pain, none of the reasons are supported by substantial evidence because other evidence supports Claimant's testimony. Doc. No. 18 at 24. Relatedly, Claimant argues that the ALJ's evaluation is flawed because the ALJ did not account for all of Claimant's significant findings, such as his upcoming sinus surgery, and the ALJ mischaracterizes the nature of his treatment as conservative. *Id.* at 24-28.

In the Eleventh Circuit, subjective complaints of pain are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms. By this standard, there must be: 1) evidence of an underlying medical condition, and either 2) objective medical evidence that confirms the severity of the alleged symptom arising from the condition, or 3) evidence that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). The ALJ *must* consider "all of the record, including the objective medical evidence, the claimant's history, and the statements of claimant and her doctors." *Costigan v. Comm'r*, 603 F. App'x 783, 786 (11th Cir. 2015) (citing 20 C.F.R. § 404.1529(c)(1)-(2)).

In evaluating a claimant's testimony, the ALJ should consider: (1) the

claimant's daily activities; (2) the "duration, frequency, and intensity" of the claimant's symptoms; (3) "[p]recipitating and aggravating factors"; (4) the effectiveness and side effects of any medications; and (5) treatment or other measures taken by the claimant to alleviate symptoms. *Sarli v. Berryhill*, 817 F. App'x 916, 918 (11th Cir. 2020) (citing 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3)). The ALJ is to consider these factors in light of the other evidence in the record. *Id.* (citing §§ 404.1529(c)(4), 416.929(c)(4)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." *Id.* (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)).

"If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561-62; *see also* Social Security Ruling 96-7p, 1996 WL 374186, at *2 (July 2, 1996) ("It is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'"). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote*, 67 F.3d at 1562; *Sarli*, 817 F. App's at 918 (such credibility determinations are the province of the ALJ).

Claimant testified that he last worked as a firefighter in New York City in

2015.  R. 45.  Claimant suffers from lower back pain most of the time, and he is constantly fatigued from his COPD and sleep apnea.  R. 46.  Claimant takes Percocet for back pain, uses inhalers, has home oxygen to treat his respiratory symptoms, and uses a CPAP machine for his sleep apnea. R. 46-48.  Claimant testified he has good and bad days with his back pain, usually five bad days a week.  R. 49-50.  With respect to his daily activities, Claimant testified he gets up and drives his children to school with his wife (he drives occasionally) and then they pick them up, he occasionally does some things around the house including sometimes getting leaves out of the pool or mowing the lawn.  R. 52-53. Claimant testified he can sit for 15 minutes, stand for 10-15 minutes, and walk approximately a block or two without a break, needs to shift position regularly, he cannot bend at the waist well, but he can climb a flight of stairs.  R. 54-55.

The ALJ found that Claimant's medically determinable impairments could reasonably be expected to cause his alleged symptoms but that his statements regarding the intensity, persistence, and limiting effects of those impairments were not entirely consistent with the evidence of record.  R. 27.  The ALJ considered Claimant's pulmonary, orthopedic, endocrine, cardiovascular, and genitourinary impairments and treatment and found that Claimant's testimony did not support the claimed intensity, persistence, and limiting effects of those impairments.  R. 27-28.  The ALJ also found that Claimant's daily activities were

more extensive than alleged at the hearing, noting that "claimant admitted walking three miles daily at his examination on September 27, 2018, and also traveling to Italy," (citing Exs. 26F/5; 27F/17, 23), "independent ambulation, running errands, dressing, and bathing as well as having no difficulties climbing stairs," (citing Exs. 15F/5, 24), as well as "periodically mow[ing] the lawn or remov[ing] leaves from the pool."  R. 27.

The ALJ discussed Claimant's specialized treatment in the areas of pulmonology and orthopedics and found that his treatment had been conservative with no surgeries or injections, laboratory findings and clinical signs had been generally benign, and treatment records revealed inconsistent complaints during the period at issue.  R. 27, 28.  With respect to Claimant's respiratory complaints, the ALJ noted Claimant was a firefighter who was exposed to respiratory irritants at the World Trade Center on September 11, 2001 and thereafter.  R. 21.  The ALJ found laboratory testing confirmed his pulmonary function impairment was mild, and a sleep study indicated only mild obstructive sleep apnea, but also that Claimant had some normal pulmonary function results and spirometry during the relevant time period.  R. 21-22, 27 (citing and discussing Exs. 7F/4-6, 9; 12F/7; 15F/3, 25; 20F/2-4, 5-6; 23F/6-7; 26F/2-3, 5-9, 18; 27F/2, 8, 21.  The ALJ also noted normal clinical signs, clear lungs, and mild asthma. R. 27 (citing Exs. 7F/2-5, 14-16; 8F/4; 12F/19-20; 14F/10-11; 18F/2; 20F/1-6; 23F/6-7; 26F/1-7).

The ALJ then turned to Claimant's back problems, noting that while lumbar MRIs indicate "rather significant findings" Claimant consistently demonstrated normal gait, no edema, intact sensation, and more often than not intact strength. R. 28 (citing Exs. 7F/3; 12F/19-20, 23-24; 16F/1-8; 17F/15-17; 23F/4-7). The ALJ also noted Claimant's denial of back pain, weakness, and balance issues at non-orthopedic appointments as well as walking three miles daily to lose weight in September 2018. R. 28.

The ALJ considered each impairment and treatment related thereto, and also considered Claimant's daily activities, and based on a consideration of this information, found that Claimant's testimony regarding his limitations was not fully supported by the evidence of record. The ALJ also considered the conservative nature of Claimant's treatment for his back, noting that Claimant had no surgeries, injections, pain management, or prolong physical therapy for his back during the relevant time period. R. 27-28. While the ALJ did not discuss Claimant's potential upcoming sinus surgery, or other evidence favorable to Claimant, there is no requirement that the ALJ must discuss every piece of evidence, the ALJ must simply consider the entire record and Claimant's medical condition as a whole. *See Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014) (there is no rigid requirement that every piece of evidence be referenced, so long as the ALJ's decision is not a broad rejection which renders the reviewing

court unable to conclude that the ALJ considered a claimant's medical condition as a whole). The Court finds that the ALJ provided a clearly articulated credibility finding with substantial supporting evidence in the record. *Sarli*, 817 F. App'x at 918. As such, the Court finds no reason to disturb that decision on review.

Accordingly, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to close the case.

**DONE** in Orlando, Florida, on April 28, 2021.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Bartholomew C. Zadel
Morgan & Morgan
988 Woodcock Road
Orlando, Florida 32803

Maria Chapa Lopez
United States Attorney
John F. Rudy, III
Assistant United States Attorney

400 N. Tampa St.
Suite 3200
Tampa, FL 33602

Christopher Harris, Chief Counsel, Region IV
John C. Stoner, Deputy Regional Chief Counsel
Megan E. Gideon, Branch Chief
Malia L. Holzberger, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel
Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Emily Ruth Statum
Administrative Law Judge
Office of Hearing Operations
3505 Lake Lynda Drive
Suite 300
Orlando, Florida 32817-8338